# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **SHERRI KEMP-LENNON**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 2:21-cv-412 |
| **SOLARIS HEALTHCARE CHARLOTTE HARBOR, LLC**, a Florida limited liability company, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SHERRI KEMP-LENNON** ("**KEMP-LENNON**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA), the Americans with Disabilities Act (ADAAA), Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FCRA) for (1) retaliation in violation of the FMLA, (2) disability discrimination in violation of the ADAAA, (3) disability discrimination in violation of the FCRA, (4) age

1

discrimination in violation of the ADEA, and (5) age discrimination in violation of the FCRA.

## PARTIES

2. The Plaintiff, **SHERRI KEMP-LENNON** ("**KEMP-LENNON**") is an individual and a resident of Florida who at all material times resided in Charlotte County, Florida. At all material times, **KEMP-LENNON** was employed by the Defendant as a health information director. **KEMP-LENNON** performed work primarily in Charlotte County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **KEMP-LENNON** was an employee within the contemplation of the FMLA, ADAAA, ADEA and FCRA. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3. The Defendant, **SOLARIS HEALTHCARE CHARLOTTE HARBOR, LLC** ("**SOLARIS**") is a Florida corporation with a principal place of business in Charlotte County, Florida. **SOLARIS** was **KEMP-LENNON**'s employer within the meaning of the FMLA, ADAAA, ADEA and FCRA as it employs in excess of 50 employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts

2

business in, and some or all of the events giving rise to Plaintiff's claims occurred in Charlotte County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued primarily in Charlotte County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **KEMP-LENNON** began her employment with the Defendant in October 2018.

7. **KEMP-LENNON** performed her assigned duties in a professional manner and was very well qualified for her position. In fact, she received raises and a promotion from the Defendant.

8. **KEMP-LENNON** was a qualified person with a disability, and thus a member of a protected class, as she suffers from severe allergies.

9. **KEMP-LENNON**'s impairments impact her ability to perform major life activities, such as breathing and working when not in remission.

10. **KEMP-LENNON** has a history of these impairments that limits major bodily functions and several major life activities. **KEMP-LENNON**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

11. After suffering a flare-up in March 2020, **KEMP-LENNON** took approximately 2-weeks of FMLA leave, which was also due to her disabilities.

12. **KEMP-LENNON** knew her serious health condition was related to her disabilities, but the Defendant believed it was possibly COVID-19.

13. Unbeknownst to **KEMP-LENNON**, during her medical leave, the Defendant hired a female employee (in her 30s, who did not have known disabilities) to replace **KEMP-LENNON**.

14. This was despite the fact that **KEMP-LENNON**'s medical leave was brief and despite that this replacement employee's qualifications were inferior to **KEMP-LENNON**'s.

15. **KEMP-LENNON** returned to work following her medical leave but the Defendant had given the majority of her duties to someone who was less qualified.

16. On July 10, 2020, the Defendant terminated **KEMP-LENNON**, stating that there wasn't any room for her and the replacement to both remain employed and that thus **KEMP-LENNON** was terminated.

17. Consequently, the Defendant discriminated against **KEMP-LENNON** by terminating her employment due to her exercising her right to take FMLA leave, and discriminating against her based upon her disabilities and age.

## COUNT I – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

18. The Plaintiff hereby incorporates by reference Paragraphs 1-17 in this Count by reference as though fully set forth below.

19. **KEMP-LENNON** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health

4

condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **KEMP-LENNON** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

20. **KEMP-LENNON** informed the Defendant of her need for leave due to her serious health conditions.

21. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

22. If the Defendant were to have decided that **KEMP-LENNON**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

23. The Defendant has never provided **KEMP-LENNON** with any notice disqualifying her FMLA leave.

24. In fact, the Defendant determined that **KEMP-LENNON** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and reinstatement.

25. **KEMP-LENNON** engaged in activity protected by the **FMLA** when she requested leave due to her serious health conditions and reinstatement, consistently informing the Defendant of the same.

26. The Defendant knew that **KEMP-LENNON** was exercising her rights under the FMLA.

27. **KEMP-LENNON** complied with all of the notice and due diligence requirements of the FMLA.

28. A causal connection exists between **KEMP-LENNON**'s request for FMLA-protected leave and reinstatement and the Defendant's termination of her employment.

29. The Defendant retaliated by altering the terms and conditions of **KEMP-LENNON**'s employment by terminating **KEMP-LENNON**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

30. The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **KEMP-LENNON**'s employment because she engaged in activity protected by the FMLA. As a result of the above-described violations of FMLA, **KEMP-LENNON** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and

6

liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

31. The Plaintiff hereby incorporates by reference Paragraphs 1-17 in this Count by reference as though fully set forth below.

32. At all relevant times, **KEMP-LENNON** was an individual with a disability within the meaning of the ADAAA.

33. Specifically, **KEMP-LENNON** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

34. **KEMP-LENNON** is a qualified individual with disabilities as that term is defined in the ADAAA.

35. **KEMP-LENNON** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

36. At all material times, **KEMP-LENNON** was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

37. Defendant was made aware and was aware of **KEMP-LENNON**'s disabilities, which qualify under the ADAAA.

38. Defendant discriminated against **KEMP-LENNON** with respect to the terms, conditions, and privileges of employment because of her disabilities.

39. Defendant conducted itself with malice or with reckless indifference to **KEMP-LENNON**'s federally protected rights.

40. Defendant discriminated against **KEMP-LENNON** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

41. The conduct of Defendant altered the terms and conditions of **KEMP-LENNON**'s employment and **KEMP-LENNON** suffered negative employment action in the form of discipline and termination.

42. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **KEMP-LENNON** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

43. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **KEMP-LENNON** is entitled to all relief necessary to make her whole.

44. As a direct and proximate result of the Defendant's actions, **KEMP-LENNON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

45. **KEMP-LENNON** has exhausted her administrative remedies and this count was timely brought. (*See* Exhibit A).

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.    Reasonable attorney's fees plus costs;

    vii.    Compensatory damages;

    viii.    Punitive damages, and;

    ix.    Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

46. The Plaintiff hereby incorporates by reference Paragraphs 1-17 in this Count by reference as though fully set forth below.

47. At all relevant times, **KEMP-LENNON** was an individual with a disability within the meaning of the FCRA.

48. Specifically, **KEMP-LENNON** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

49. **KEMP-LENNON** is a qualified individual with disabilities as that term is defined in the FCRA.

50. **KEMP-LENNON** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

51. At all material times, **KEMP-LENNON** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

52. Defendant was made aware and was aware of **KEMP-LENNON**'s disabilities, which qualify under the FCRA.

53. Defendant discriminated against **KEMP-LENNON** with respect to the terms, conditions, and privileges of employment because of her disabilities.

54. Defendant conducted itself with malice or with reckless indifference to **KEMP-LENNON**'s protected rights under Florida law.

55. Defendant discriminated against **KEMP-LENNON** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

56. The conduct of Defendant altered the terms and conditions of **KEMP-LENNON**'s employment and **KEMP-LENNON** suffered negative employment action in the form of discipline and termination.

57. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **KEMP-LENNON** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

58. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **KEMP-LENNON** is entitled to all relief necessary to make her whole.

59. As a direct and proximate result of the Defendant's actions, **KEMP-LENNON** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

60. **KEMP-LENNON** has exhausted her administrative remedies and this count was timely brought. (*See* Ex. A).

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

    vi.    Reasonable attorney's fees plus costs;

    vii.    Compensatory damages;

    viii.    Punitive damages, and;

    ix.    Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE ADEA

61. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

62. **KEMP-LENNON** was an employee and the Defendant was her employer covered by and within the meaning of the ADEA.

63. **KEMP-LENNON** is a member of the protected age class (over the age of 40).

64. **KEMP-LENNON** was well qualified for the positions she held with the Defendant.

65. Despite her qualifications, **KEMP-LENNON** has suffered adverse employment action in the form of termination.

66. A younger person with inferior qualifications and performance replaced **KEMP-LENNON**.

67. The Defendant sought applicants for the same position that **KEMP-LENNON** held who were outside of **KEMP-LENNON**'s protected class.

68. The Defendant has discriminated against **KEMP-LENNON** in the terms and conditions of her employment on the basis of her age, in violation of ADEA.

69. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **KEMP-LENNON** because of her age.

70. The Defendant's violations of the law were knowing and willful.

71. A causal connection exists between **KEMP-LENNON**'s age and her termination.

72. As a result of the above-described violations of the ADEA, **KEMP-LENNON** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

73. **KEMP-LENNON** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

  i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Liquidated damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

74. Plaintiff incorporates by reference Paragraphs 1-17 of this Complaint as though fully set forth below.

75. **KEMP-LENNON** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

76. **KEMP-LENNON** is a member of the protected age class (over the age of 40).

77. **KEMP-LENNON** was well qualified for the positions she held with the Defendant.

78. Despite her qualifications, **KEMP-LENNON** has suffered adverse employment action in the form of termination.

79. A younger person with inferior qualifications and performance replaced **KEMP-LENNON**.

80. The Defendant sought applicants for the same positions that **KEMP-LENNON** held who were outside of **KEMP-LENNON**'s protected class.

81. The Defendant has discriminated against **KEMP-LENNON** in the terms and conditions of her employment on the basis of her age, in violation of the FCRA.

82. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **KEMP-LENNON** because of her age.

83. The Defendant's violations of the law were knowing and willful.

84. A causal connection exists between **KEMP-LENNON**'s age and her termination.

85. As a result of the above-described violations of the FCRA, **KEMP-LENNON** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

86. **KEMP-LENNON** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SHERRI KEMP-LENNON**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: May 25, 2021        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com